**MANDATE**

20-875
*Ware v. L-3 Vertex Aerospace, LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty.

Present:
    DEBRA ANN LIVINGSTON,
      *Chief Judge*
    BARRINGTON D. PARKER,
    GERARD E. LYNCH,
      *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 30 2020

_____

ROY LANCE WARE,

    *Plaintiff-Appellant*,

    v.                        20-875

L-3 VERTEX AEROSPACE, LLC, L-3 COMMUNICATIONS INTEGRATED SYSTEMS, LP, L-3 COMMUNICATIONS HOLDINGS, INC.,

    *Defendants-Appellees*,

JOHN DOES 1-10, ABC CORPORATIONS 1-10,

    *Defendants.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official caption as shown above.

1

| | |
|---|---|
| For Plaintiff-Appellant: | STEPHEN BERGSTEIN, Bergstein & Ulrich, New Paltz, New York |
| For Defendants-Appellees: | NED H. BASSEN, CARL W. MILLS, Hughes Hubbard & Reed, LLP, New York, New York |

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Roy Lance Ware ("Ware") appeals from the district court's grant of summary judgment, filed on February 18, 2020, on his claims of retaliatory termination under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYHRL"), and the New York City Human Rights Law ("NYCHRL"), and of a hostile work environment under the NYCHRL. For the reasons stated herein, we affirm the dismissal of Ware's claims under the NYHRL and NYCHRL on the ground that Ware, as a nonresident who did not work in New York State or City, has no cause of action under these statutes. We also affirm the district court's grant of summary judgment as to his Title VII claim for the reasons stated herein. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we set forth here only as necessary to explain our decision to **AFFIRM**.

**1. New York State and City Human Rights Laws**

The NYHRL and NYCHRL "are intended to protect those who work *in* the State and the City." *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 855 (S.D.N.Y. 2013) (emphasis in original); *see also Hoffman v. Parade Publ'ns*, 907 N.Y.S.2d 145, 147 (2010) ("[I]t is clear from the [NYCHRL]'s language that its protections are afforded only to those who inhabit or are 'persons in' the City of New York."); *Rice v. Wartsila NSD Power Dev., Inc.*, 183 F. App'x 147,

2

148 (2d Cir. 2006) ("Rice's New York Human Rights Law claim fails because he failed to claim that he was a resident of New York."); *Beckett v. Prudential Ins. Co. of Am.*, 893 F. Supp. 234, 238 (S.D.N.Y. 1995) ("The NYHRL does not provide a *non-resident* with a private cause of action for discriminatory conduct committed *outside* of New York by a *New York* corporation.") (emphasis in original)). Plaintiffs who seek protection under the NYHRL or NYCHRL must either work in or reside in the State or City, depending on the statute under which they assert a cause of action. *Hoffman*, 907 N.Y.S.2d at 147–48; *Fried v. LVI Servs., Inc.*, 500 Fed. App'x 39, 42 (2d Cir. 2012). "To hold otherwise would be to expand [the statutes] to cover any employee who is fired pursuant to a decision handed down by an employer from its New York City [or State] headquarters, no matter where the employee in question actually works." *Duffy v. Drake Beam Morin*, 1998 WL 252063, at *12 (S.D.N.Y. May 19, 1998).

Defendants-Appellees raise the argument for the first time on appeal that Ware's claims under the NYHRL and NYCHRL were properly dismissed on the basis that he is a nonresident who never worked in New York State or New York City. Normally, this Court does not address new issues raised on appeal. *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005); *Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("[A] federal appellate court does not consider an issue not passed upon below."). But, "[b]ecause the waiver rule is prudential, not jurisdictional, we may exercise our discretion and nevertheless consider waived arguments 'where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding.'" *R&R v. Scarsdale Union Free Sch. Dist.*, 366 F. App'x 239, 241 (2d Cir. 2010) (quoting *Lerner*, 416 F.3d at 114); *see also Dorfman*, 239 F.3d at 421 ("[Defendant]'s argument presents a pure question of law. We therefore choose to reach the merits.").

3

Such is the case here. Ware was a resident of Jacksonville, Florida during his employment, at the time of his departure from L-3 Vertex Aerospace, LLC ("L-3 Vertex"), and at the time he filed his complaint in district court. His complaint states that, "Plaintiff is an African-American citizen of the United States who currently resides in Jacksonville, Florida and who was employed by Defendants in Afghanistan." Joint App'x at 490. His resume lists his address as Jacksonville, Florida, his plane tickets back from Afghanistan were to Jacksonville, Florida, and his "employee data sheet" with L-3 Vertex states his address as Jacksonville, Florida. Ware also did not work in New York or New York City; he worked as a supply technician in Shindand, Afghanistan, was trained for the role in Madison, Mississippi, and signed an employment contract with L-3 Vertex that stated, "This Agreement is made in the State of Mississippi . . . and shall be subject to the State and Federal laws thereof." Joint App'x at 178. The sole connection of this case to New York is that L-3 Communications Holdings, Inc., the parent company of L-3 Vertex, is headquartered in New York.

We exercise our discretion to address the legal issue presented here for the first time on appeal: whether a nonresident alleging discriminatory conduct who did not work in New York can assert a cause of action under the NYCHRL or NYHRL. Every case to address this issue forecloses such a conclusion. *See also Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182–83 (2d Cir. 2016) (requiring that "the impact of the employment action [be] felt *by the plaintiff* in NYC") (emphasis in original)); *Hardwick v. Auriemma*, 983 N.Y.S.2d 509, 512 (2014). Accordingly, the Court affirms the district court's grant of summary judgment on Ware's claims under the NYCHRL and the NYHRL and only addresses Ware's remaining claim of retaliation under Title VII.

4

### 2. Retaliation

The Court reviews a district court's grant of summary judgment *de novo*. *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017). In doing so, the Court "construe[s] the evidence in the light most favorable to Plaintiffs, drawing all reasonable inferences and resolving all ambiguities in their favor." *Id.* (quoting *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 118 (2d Cir. 2013) (citation and internal quotation marks omitted)). "We affirm the grant of summary judgment only where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

Ware asserts that he was terminated from his job shortly after he complained of discriminatory treatment to his supervisor. A *prima facie* case of retaliation under Title VII requires a plaintiff to show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Schultz v. Congregation Shearith Israel of City of New York*, 867 F.3d 298, 309 (2d Cir. 2017) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015)). Here, the district court held that Ware had not met the burden of his *prima facie* case because Ware was not terminated but rather resigned on his own volition, and therefore had not suffered an adverse employment action. For the following reasons, we agree.

The alleged adverse employment action occurred during a phone call on December 22, 2014. The record is undisputed that Ware's supervisor, Todd Jardee ("Jardee"), had discovered through his assistant, Felicia Taylor, that Ware had used his corporate credit card to make a large personal charge, in violation of company policy. Jardee reported this offense to Human Resources, asking, "Is this a terminating offense or just a written warning?" Joint App'x at 361.

5

Human Resources determined that L-3 Vertex would revoke Ware's corporate card, require him to pay the expenses incurred on the card from misuse, and suspend him for three days without pay. At the time of this decision, Ware was in the United States on vacation, and Jardee and Ware spoke over the phone to discuss the suspension.

Ware contends that a material issue of fact exists as to whether Jardee terminated his employment during this conversation or whether Ware resigned. He asserted at his deposition that he "thought [he] was terminated" by Jardee and that he "never resigned." Joint App'x at 75. But he also testified that he was "honestly . . . not sure" how his employment ended. *Id*. Apart from his own equivocal statements during his deposition, there is no other evidence that Ware was terminated. After their phone call, Jardee emailed, "Roy, Per our recent telephone conversation on December 22 we accept your resignation of employment effective immediately." Joint App'x at 396. The subject line of the email was "Resignation." *Id.* Ware replied, "Yes you will here [sic] from my lawyer soon Todd for your discrimanation [sic] and unethical treatment towards me as a L-3 employee." *Id.* Although Ware argues now that he did not understand at the time that he was saying "yes" in response to an email stating that he resigned, such testimony is, absent any other support in the record, self-serving and inconsistent with the evidence. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 22 (2d Cir. 2014) (citing *Jeffreys v. City of New York*, 426 F.3d 549, 555 n.2 (2d Cir. 2005)).

Jardee also stated in his own deposition that "[Ware] called me on the phone, and after I told him his Amex card was suspended he says, I quit. So I said, are you sure you want to do that?" and Ware replied "that he was being discriminated against and that he was going to contact a lawyer." Joint App'x at 94. Jardee's assistant, Taylor, further testified that she heard "Todd [Jardee] say [Ware] quit" after Jardee hung up the phone. *Id.* at 136. Moreover, immediately

6

after the call, Jardee emailed Lorenzo Clark, another manager in Afghanistan, to "inform [him] that Roy Ware has resigned from the company and will not be returning to Afghanistan. He probably will be contacting you for arrangements to ship his personnel [sic] effects home." *Id.* at 397. An email from Human Resources shortly thereafter stated that they had "accepted [Ware's] resignation after he was told he would be suspended for 3-days without pay due to misuse of the corporate credit card." *Id.* at 800.

Ware does not argue in the alternative that, even if he did resign, he did so because Jardee had threatened on the call to fire him or made him feel as though he had no option, *see, e.g.*, *Miller v. Praxair, Inc.*, 408 Fed. App'x 408, 410 (2d Cir. 2010) (arguing that "her employer deliberately sought to make her working conditions so intolerable that she had no choice but to resign"), and as such, the Court does not entertain this argument. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Ware only asserts repeatedly that he was terminated and that the "[t]he question for the jury is why Jardee ignored human resources' determination that [he] be suspended and instead terminated [him] outright." Appellant Br. at 35. But he has not met his *prima facie* case in establishing that he was terminated, and "aside from [Ware]'s voluntary resignation, [he] identifies no adverse employment action taken against [him]. . . . As such, [he] cannot establish a claim for unlawful retaliation on this basis." *Miller*, 408 Fed. App'x at 411 (emphasis omitted).

\*   \*   \*

We have considered Plaintiff-Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7